TYSON, Judge.
This is an appeal from an order transferring the appellant’s cases from juvenile court to the Morgan Circuit Court and District Court.
On January 26, 1988, a delinquency petition was filed against the appellant, P.R. The petition charged the appellant with eight counts of criminal conduct. Counts I and IV charged the appellant with unlawfully breaking and entering of a vehicle, in violation of § 13A-8-ll(b), Code of Alabama (1975) (a class C felony). Counts II, V and VII charged the appellant with theft of property in the third degree, in violation of § 13A-8-5, Code of Alabama (1975) (a class A misdemeanor). Counts III, VI and VIII charged the appellant with receiving stolen property in the third degree, in violation of § 13A-8-19, Code of Alabama (1975) (a class A misdemeanor).
On February 15, 1988, the District Attorney of Morgan County, Alabama, filed a petition to transfer the case against the appellant to Circuit Court. On March 8, 1988, a transfer hearing was held. As a result of this hearing, the judge ordered that Counts I through VI be transferred to the Circuit Court of Morgan County. He further ordered that counts VII and VIII, both misdemeanors which were not related to the felonies, be transferred to the District Court of Morgan County, Alabama.
The appellant subsequently filed a motion to reconsider the transfer of the cases out of the juvenile court system. On March 21, 1988, this motion was argued in open court and denied.
I
The appellant contends that, with the exception of counts I and IV, which are the two felony counts, it was erroneous for the court to transfer the other six counts against the appellant from juvenile court to the criminal courts. Specifically, the appellant objects to the transfer of the six misdemeanor charges on the ground that there is no statutory authority which enables the court to transfer misdemeanor counts out of the juvenile court system. The appellant cites § 12-15-34(a)(l), Code of Alabama (1975), in support of his position.
At the time of this hearing, § 12-15-34(a), Code of Alabama (1975), read as follows:
“(a) The prosecutor may, before a hearing on the petition on its merits and following consultation with probation services, file a motion requesting the court to transfer the child for criminal prosecution, if:
“(1) The child was 14 or more years of age at the time of the conduct charged and is alleged to have committed an act which would constitute a felony if committed by an adult; or[1]
“(2) The child is 14 or more years of age and is already under commitment to an agency, department or institution *818 as a delinquent.”[2] Ala.Code § 12-15-34(a)(l) & (2) (1975). (Emphasis added.)
In addition to transferring the case against the juvenile if he or she commits an act which amounts to a felony, the juvenile court can also transfer the case against the juvenile if he is already under commitment as a juvenile delinquent.
However, it is unclear from this record which subsection was used to transfer the several counts against this appellant. Thus, we are unable to address this issue and must remand the case to juvenile court for clarification as to which provision of law was used to transfer these cases against this appellant.
For the reasons shown, this cause is due to be and is hereby remanded with directions for a hearing. The trial court is directed to conduct a hearing with the appellant and counsel present. Following such hearing, a return shall be filed in this court containing the testimony and argument at such hearing. The return shall also contain a written order by the trial court with its findings on the issues presented.
REMANDED WITH DIRECTIONS.
All the Judges concur.
ON RETURN TO REMAND
TYSON, Judge.
On December 30, 1988, this court, by unanimous opinion, remanded this cause with directions for the circuit court to clarify the particular code section under which it transferred certain pending causes against this appellant from juvenile court to both the Circuit Court and the District Court of Morgan County, Alabama.
The appellant contended that other than as to counts I and IV, which were the two felony counts, it was erroneous to transfer the six remaining counts against this appellant from juvenile court to either circuit court or district court.
This court then remanded this cause with directions for a hearing to be conducted and that a return be filed in this court showing the authority under which the cases pending against this appellant were transferred as aforesaid.
On January 19, 1989, the following order was filed in this court as a return to the order of remandment by the Court of Criminal Appeals. This order reads as follows:
“The State now moves the Juvenile Court of Morgan County to dismiss all counts of the delinquency petition of 1-26-88 (filing date) except counts I and IV. Such motion is granted, and it is ordered that counts II, III, V, VI, VII and VIII of said petition be dismissed, subject, however, to such jurisdiction as the Alabama Court of Criminal Appeals may have obtained by appeal of this court’s transfer order thereto and such jurisdiction as the Circuit Court of Morgan County may have obtained by such transfer order. This court respectfully deems the issues to be treated on remand pursuant to the decision of the Court of Criminal Appeals in P.R. v. State, 8 Div. 116, released 12/30/88 to be moot. The Clerk shall certify a copy hereof to the Court of Criminal Appeals and the Circuit Court of Morgan County and mail copies to the District Attorney of this county and counsel for the accused.
David Bibb
Juvenile Judge
Morgan County, Alabama”
In view of the order hereinabove quoted, bearing date of January 15, 1989, the issue sought to be considered by the appellant has now been rendered moot by virtue of the dismissal of the so called “misdemean- or counts”, being numbers II, III, V, VI, VII and VIII.
In view of the foregoing, the transfer of counts numbers I and IV from juvenile court to circuit court is herewith affirmed as it appears that the requirements of § 12-15-34(a) have been complied with by the court below.
*819 For the reasons hereinabove stated, this cause is due to be and is, hereby, affirmed.
AFFIRMED.
All the Judges concur.

. This subsection of the statute has subsequently been amended and the word "crime” has been substituted for the word "felony," effective June 1988.

. This subsection has been deleted from the statute, effective June 1988.